UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM INC., *et al.*,

                Plaintiffs,

     v.

VICTORIIA ANANCHENKO, *et al.*,

                Defendants.

Case No. C23-1703-TL-MLP

ORDER

     This matter is before the Court on Plaintiffs Amazon.com, Inc., Amazon.com Services LLC, The James Bryson Shepherd Trust, and Berkey International LLC's (collectively, "Plaintiffs") *Ex Parte* Motion for Alternative Service ("Plaintiffs' Motion"). (Pls.' Mot. (dkt. # 12).) No defendant has yet appeared in this action. Having considered Plaintiffs' submissions, the governing law, and the balance of the record, the Court GRANTS Plaintiffs' Motion (dkt. # 12).

## I.    BACKGROUND

     On November 7, 2023, Plaintiffs filed a complaint alleging Defendants Victoriia Ananchenko, who controlled Amazon Selling Account "CloudMK"; Yevhenii Kolisnyk, who controlled Amazon Selling Account "Beyonders"; Yurii Smulskyi, who controlled Amazon

Selling Account "TiFlowers"; Nikita Kuznetsov, who controlled Amazon Selling Account "Tayler Weedon" (collectively, "Defendants"); and "Does 1-10" acted in concert to sell counterfeit Berkey-branded products. (Compl. (dkt. # 1) at ¶¶ 11-15, 39.) Plaintiffs allege Defendants reside in Ukraine. (*Id.* at ¶¶ 11-14.)

To identify and locate Defendants, Plaintiffs used information Defendants provided in opening their Amazon Selling Accounts in addition to working with a private investigator and seeking third-party discovery from the provider of the virtual bank accounts Defendants linked with their Amazon Selling Accounts. (Rainwater Decl. (dkt. # 13) at ¶¶ 2-3.) Plaintiffs' investigation confirmed Defendants were located in Ukraine, but physical addresses they had provided were nonexistent or unrelated to Defendants. (*Id.* at ¶ 4.) Defendants accessed their bank accounts from IP addresses in Ukraine until March 2022, "near in time to the Russian invasion of Ukraine[.]" (*Id.* at ¶ 5.) Subsequently, Defendants' IP logins traced to Russia, the Netherlands, and the United States, but Plaintiffs believe these logins were through virtual private networks that can hide geographic location. (*Id.*) Plaintiffs have been unable to locate valid physical addresses for Defendants. (*Id.* at ¶¶ 5-6.)

## II.    DISCUSSION

Plaintiffs seek to serve Defendants Ananchenko, Kolisnyk, and Smulskyi through the email addresses they registered with their Amazon Selling Accounts. (Pls.' Mot. at 5; *see* Garrett Decl. (dkt. # 14) at ¶¶ 4-5.) On January 19, 2024, Plaintiffs sent test emails to these addresses and "received no error notices, bounce back messages, or other indications that the test emails failed to deliver[.]" (Rainwater Decl. at ¶ 7.)

The test email sent to Defendant Kuznetsov's email address registered with the "Tayler Weedon" Amazon Selling Account, however, generated an error notice in response. (Rainwater

Decl. at ¶ 8.) The "Tayler Weedon" Amazon Selling Account "also communicated with Amazon using a second email address, hanhtrinhyeuthuonggg05@gmail.com . . . regarding seller feedback published on the Selling Account's seller profile page." (Garret Decl. at ¶ 6 (footnote omitted).) On January 26, 2024, Plaintiffs sent a test email to this second address and received no error notice. (Rainwater Decl. at ¶ 8.) Plaintiffs seek to serve Defendant Kuznetsov at this email address. (Pls.' Mot. at 5.)

### A. Legal Standards

Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign countries by: (1) internationally agreed methods such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"); (2) if there is no internationally agreed means, in accordance with the foreign country's law; or (3) by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). To obtain a court order under Rule 4(f)(3), a plaintiff must "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

In addition to the requirements of Rule 4(f), "a method of service of process must also comport with constitutional notions of due process." *Rio*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

**B.      Rule 4(f)**

The Court concludes Plaintiffs have adequately shown the Court's intervention is necessary. Despite a thorough investigation through multiple avenues, Plaintiffs have been unable to locate valid physical addresses for Defendants. (Rainwater Decl. at ¶¶ 5-6.) Email addresses are the only valid contact information Plaintiffs have been able to identify. (*Id.* at ¶ 6.)

Plaintiffs contend Rule 4(f)(3) and the Hauge Convention allow for service by email on defendants located in Ukraine. (Pls.' Mot. at 6.) Ukraine, like the United States, is a party to the Hague Convention.[1] The Hague Convention expressly "shall not apply where the address of the person to be served with the document is not known." Hague Convention, art. 1.[2] Plaintiffs here have been unable to locate physical addresses for Defendants, and thus, could not utilize methods authorized by the Hague Convention. (Rainwater Decl. at ¶ 6.)

Nevertheless, whether or not the Hague Convention applies, courts in the Ninth Circuit have concluded that email service on individuals located in Ukraine is not prohibited by it or any other international agreement. *See Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) ("service via email [on defendants in Ukraine] is not prohibited by an international agreement"); *Davy v. Paragon Coin, Inc.*, 2020 WL 1539617, at *1-2 (N.D. Cal. Feb. 5, 2020) (permitting service by email on defendant located in Ukraine whose physical address could not be obtained). The Court therefore concludes that service by email is not prohibited by international agreement. Plaintiffs have shown that an order permitting service by email would comport with Rule 4(f).

---

[1] *See* Contracting Parties, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last viewed February 7, 2024).

[2] *Available at* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last viewed February 7, 2024).

**C.      Due Process**

The Court next considers whether service of process using email addresses used to communicate with Amazon with regard to Defendants' Amazon Selling Accounts comports with constitutional due process—that is, whether the method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Plaintiffs contend email service comports with due process because: (1) Defendants used the email addresses to communicate with Amazon in conducting their online businesses; and (2) test emails confirmed that the email addresses remain functional. (Pls.' Mot. at 7-8.) Plaintiffs point to *Facebook, Inc. v. Banana Ads, LLC*, where a court authorized service via email on foreign defendants who "rely on electronic communications to operate their businesses" and for whom plaintiff had "valid email addresses[.]" 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012). In that case, however, it appears that the defendants' businesses were ongoing and used internet domain names that, when registered, "required [defendants] to provide accurate contact information and to update that information." *Id.* at *1.

The situation is somewhat less clear here, however, as the Amazon Selling Accounts at issue are no longer operating. (*See* Compl. at ¶ 45 ("After Amazon verified Defendants' sale of counterfeit Berkey products, it promptly blocked Defendants' Selling Accounts.").) It is unclear when the accounts were blocked but it appears all of the accounts were operating through at least April or May 2023, when Amazon sent Berkey sample products to determine if they were counterfeit. (*See id.*, Schedule 1.)

Nevertheless, Plaintiffs provide evidence that the email addresses they propose effecting service through were actively used in operating the Amazon Selling Accounts. Individuals used

the emails to communicate with Amazon in conducting their online businesses. (*See* Garrett Decl. at ¶¶ 5-6.) And Plaintiffs have verified that the email addresses remain active. (*See* Rainwater Decl. at ¶¶ 7-8.) This provides some evidence that Defendants are still using those addresses.

In a similar situation in *Bright Solutions for Dyslexia*, alternative service by email was used where plaintiffs were "unable to locate [d]efendants and believed they may have moved to China." *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at \*4 (N.D. Cal. Dec. 20, 2017), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018). After issuing takedown notices, the plaintiffs obtained email addresses associated with eBay online seller accounts that defendants had used to sell allegedly counterfeit products. *Id.* at \*3. "No errors were received" when plaintiffs sent test emails to two of the addresses. *Id.* The court granted plaintiffs' motion for alternative service by email, and granted default judgment after defendants failed to respond even though "the emails had been successfully delivered with no errors." *Id.* at \*4. The court concluded "email service was proper because [d]efendants structured their counterfeit business such that they could only be contacted by email" and, when served by email, "[t]hese emails did not bounce back." *Id.* at \*7.

In contrast, in *Amazon.com Inc. v. KexleWaterFilters*, this Court denied alternative service by email because plaintiffs had not shown sufficient "indicia that the defendants would in fact receive notice of the lawsuit if the plaintiffs served them by email." 2023 WL 2017002, at \*4 (W.D. Wash. Feb. 15, 2023). The approach in *Bright Solutions for Dyslexia* was endorsed by this Court in that case, but in *KexleWaterFilters*, the plaintiffs had "not demonstrated that the email addresses associated with [d]efendants' Selling Accounts are still valid[.]" *Id*. Plaintiffs were permitted to "renew their motion with evidence of recent communications to [d]efendants

that demonstrates that service by email is a reliable method to provide [d]efendants with notice of the pendency of this action." *Id.*

Here, as in *Bright Solutions for Dyslexia*, Plaintiffs have identified email addresses that Defendants used in their online businesses, and verified that those email addresses remain functional. As in *Bright Solutions for Dyslexia*, Defendants structured their counterfeit businesses such that they can only be contacted by email. Together, these circumstances provide sufficient indicia that Defendants are likely to receive notice if served through the email addresses used in conjunction with their Amazon Selling Accounts.

Moreover, Plaintiffs propose to "serve Defendants using an online service for service of process, RPost (www.rpost.com), that provides proof of authorship, content, delivery, and receipt[.]" (Rainwater Decl. at ¶ 9.) Service via RPost should, according to Plaintiffs' representations to the Court, provide evidence as to whether service by email was, in fact, received. This offers reassurance that if the email addresses are not being monitored and used, then service will not be erroneously deemed completed.

The Court concludes service via the email addresses is reasonably calculated to apprise Defendants of the pendency of this action and provide them an opportunity to respond. Accordingly, the Court finds due process concerns are satisfied.

### III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion (dkt. # 12). Plaintiffs are authorized to serve the following Defendants at the following email addresses:

- Defendant Victoriia Ananchenko: xbinhgo@gmail.com

- Defendant Yevhenii Kolisnyk: bartcamarenokkc59@gmail.com

- Defendant Yurii Smulskyi: flowerstec33@gmail.com

1          • Defendant Nikita Kuznetsov: hanhtrinhyeuthuonggg05@gmail.com

2          Plaintiffs are ORDERED to complete service and file proof of service by **February 16,**

3    **2024**.

4          The Clerk is directed to send copies of this Order to the parties and to the Honorable

5    Tana Lin.

6          Dated this 7th day of February, 2024.

7

8          _____
           MICHELLE L. PETERSON
9          United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 8